**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Matthew Canale

              Plaintiff(s),

        v.

Kerri Doe, Prime Storage Manager

            Defendant(s).

**COMPLAINT**
(Pro Se Prisoner)

**Case No.** 1:25-cv-920(BKS/TWD)
(Assigned by Clerk's
Office upon filing)

**Jury Demand**
☑ Yes
☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's social security number, taxpayer identification number, or birth date; the name of a person known to be a minor; or a financial account number. A filing may include *only*: the last four digits of a social security number or taxpayer-identification number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. *See* Fed. R. Civ. P. 5.2.

---

I.    **LEGAL BASIS FOR COMPLAINT**

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. Indicate below the federal basis for your claims.

    ☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)
    ☐ *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)
    ☐ Other (please specify) _____

## II.    PLAINTIFF(S) INFORMATION

Name:                Matthew Canale

Prisoner ID #:

Place of detention:    Warren County Correctional Facility

Address:              1400 State Route 9 Lake George NY 12845

Indicate your confinement status when the alleged wrongdoing occurred:

☒ Pretrial detainee
☐ Civilly committed detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Immigration detainee

Provide any other names by which you are or have been known and any other identification numbers associated with prior periods of incarceration:

If there are additional plaintiffs, each person must provide all of the information requested in this section and must sign the complaint; additional sheets of paper may be used and attached to this complaint.

## III.    DEFENDANT(S) INFORMATION

Defendant No. 1:    Doe, Kerri
                     Name (Last, First)

                     Manager, Prime Storage
                     Job Title

                     1022 Dix Ave Q
                     Work Address

                     Hudson Falls        NY              12839
                     City                State           Zip Code

Defendant No. 2:    _____
                     Name (Last, First)

                     _____
                     Job Title

2

Work Address _____

City _____ State _____ Zip Code _____

Defendant No. 3: _____
Name (Last, First)

Job Title _____

Work Address _____

City _____ State _____ Zip Code _____

Defendant No. 4: _____
Name (Last, First)

Job Title _____

Work Address _____

City _____ State _____ Zip Code _____

If there are additional defendants, the information requested in this section must be provided for each person; additional sheets of paper may be used and attached to this complaint.

## IV.   STATEMENT OF FACTS

State briefly and concisely the facts supporting your claims. Describe the events in the order they happened. Your statement of facts should include the following:

- The date(s) on which the events occurred
- Where these events took place (identify the facility and, if relevant, the specific location in the facility)

- How each defendant was involved in the conduct you are complaining about

If you were physically injured by the alleged misconduct, describe the nature of your injuries and the medical evaluation and treatment you were provided. You need not cite to case law or statutes or provide legal argument in the Statement of Facts. Use additional sheets of paper if necessary.

See Attached

## V. STATEMENT OF CLAIM(S)

State briefly and concisely the constitutional and/or statutory basis for each claim you seek to assert and identify the defendant(s) against whom each claim is

In June of 2024 I Signed into a Contract with Prime Storage Group. Specifically, located at 128 Dix Ave, Glens Falls NY, 12801, Unit 417. The monthly rate Started out at $110. a month until October 2024 when they raised it to $148. a month. Rate was raised Selectively while others Stayed the Same. Later that month They informed me that they had to Cut the lock without my prior Knowledge due Soley to a Past due balance. I then at that time Paid off the Past due Plus one month in advance.

In December of 2024 I enrolled in auto-Pay. My January bank Statement revealed That they raised my rate again to 192 a month. Selectively descriminating me for being a loyal Customer while I know of others Personally with the Same Size unit who Paid a fraction of that.

On 3/25/2025 I Spoke with Kerri from Jail. I notified her I was incarcerated. I notified her the address as well. On 5/8/2025 I Called Kerri and informed her I was in Warren County Correctional Facility and would be trying to get Payment made. She Stated The balance was over $700.00. I Owed for 3 months at The time, Therefore I asked how this Could be. She Spoke

about late fees and the lock having to be cut. The late fee's are $20 a month and the lock did not have to be cut.

On 6/8/2025 I called Kerri at the local Prime Storage at 1022 Dix Ave Hudson Falls NY 12839 in regard to my Storage unit at 128 Dix Ave Glens Falls NY 12801. I informed her I was still in Warren County Correctional Facility. I informed her that I was working as much as possible to satisfy part or all of the balance. I asked her if she could take down contact information from me of family members that would possibly help me with this. I also stated that a check for $250.00 was on it's way to her at 1022 Dix Ave Hudson Falls, NY 12839. Kerri said ok, took the information, agreed to call the contacts I provided. More importanly, Kerri mentioned nothing about my property being auctioned or being in danger of being auctioned on this day. She gave me the address to send the check and I verified that was the address I wrote to my bank to send a certified check to. I don't know whether or not she reached out to my family.

On 6/24/2025 I recieved back the check in the amount of $250.00 made out to Prime Storage. In addition was the letter they sent me. (Exhibit A). A very unproffessional

letter, unsigned, stating all my property, everything I own had been auctioned off without any notice to me at my updated address.

On This day I called Kerri at Prime Storage. She notified me that she was sorry and didn't know that my stuff was auctioned off on May 22, 2025. Kerri knew On May 1st 2025 that I was in Warren County Jail and do not recieve email while in jail. Kerri or anyone from the Prime Group failed to properly send notice in accordance with NYS Lien Law § 182 and subject to § 182 (5) Violation and penalties.

I had a tremendous amount of valuables and property in storage unit 417 at 128 Dix Ave Glens Falls, NY 12801. In the unit was approximatley $1,000. or more in antiques. As well as a wash machine, a dryer and two nice dressers. In addition was all of my ski racing equiptment, three pairs of race skis and equiptment totaling $2,000. Also there was a mattress, box spring and bed frame at $50. All of my clothes valued around $250.00 Most importantly all of my ski racing medals and every memory of my deceased.

I am commencing action for declaratory relief in compensation for monetary

damages for violation of my Constitutional right to Property under the 14th Amendment. As well as an equal rights violation, as I've been required to Pay more than others for the same Size unit. In addition I am claiming a violation of New York General Boisness Law §349. Prime Group is in violation of New York Lien Law §182 for improper Sale of Personal Property. Additionally I am Seeking Punertive damages.

Respectfully,

Matthew Canad                7/3/2025



85 RAILROAD PLACE
SARATOGA SPRINGS, NY 12866

June 18, 2025

Matthew Canale
Warren County Correctional Facility
1400 State Route 9
Lake George, NY 12845

   Re:  Your Storage Unit #417

Dear Mr. Canale:

This letter is to advise you that the contents of your storage unit at Prime Storage, 128 Dix Ave, Glen Falls, NY 12801 (the "Premises") have been auctioned.

You are no longer welcome on the Premises.

Please refrain from any further contact with any of the staff on the Premises.

Any attempt by you to enter onto the Premises or contact any staff on the Premises will be reported to the appropriate authorities.

Sincerely,

Form Adapted From _Mohammed v. Self-Storage Mgt., LLC,_
221 AD3d 682 (2d Dept 2023)

Case 1:25-cv-00920-BKS-TWD   Document 1   Filed 07/14/25   Page 10 of 17

Form No. 312:7 〉 Complaint in Action Seeking Damages for Wrongful Sale of Items Stored in Self-Storage Facility

(Caption and intro statements as in Vol 1.§§1 and 2)

1. (Allege character of parties as in Vol 1.§3, above. — In court of limited jurisdiction, add jurisdictional allegation. See Vol.1 §6)

· INTRO :

2. Defendant owns and operates a self-storage facility in _____ Plaintiff stored _____ (describe items) in space rented from Defendant.
On -date- _____, Defendant proceeded without notice with the unlawful sale by auction of Plaintiff's (items) _____, recovering $ _____
The (items) that Defendant sold were worth more than $ _____
Plaintiff seeks to recover for the losses and treble damages pursuant to N.Y. Lien Law §182
[NYCLS]

# Case Law

- Baskin v. Mabco Tr., Inc., 176 AD3d 1539 (NY AD 3d Dept 2019)

- Goldberg v. Manhattan Mini Storage Corp., 225 AD2d 408 (1st Dept 1996)

- Ross v. Tuck-It-Away, Inc, 180 A.D.2d 428 (NY AD 1st Dep't 1992)

- E-Z Self Storage, Inc. v. Aetna Casualty & Surety Co. 132 Misc.2d 357 (N.Y. City Ct. 1986)

Lien Law §182 - Self-service storage facilities; lien

New York Consolidated Law Service

CPLR - Civil Practice Laws and Rules

• Article 4 - Special Proceedings

• Article 63 - Injunctions

• Article 78 - Proceedings against an Body or Officer

Lien Law -

• Article 8 - §182 ~~§82~~ ~~200~~ ~~201~~ ~~201-a~~ Self Storage Lien

• Article 9 - §§200 - 211   Lien Enforcement

General Business Law - • §349

General Municipal Law -
• Article 4

Example:

Heins v. Public Storage (2012)

Commence action that __(Defendant)__
violated Lien Law §182

Commence action for
— Declaratory Relief ————
Monetary Damages for
→ Breach of Contract,
→ Violation of ˣN.Y. General Business Law §349
→ for improper sale of items
of personal property, which violated
ˣN.Y. Lien Law §182

- Negligence ↓
- Conversion
- Breach of Contract
- "Wrongful Sale"
  in violation of
  Lien Law §182

Conversion — An unauthorized exercise of dominion
and control over property by someone
other than the owner,
where such control interferes with and is in defiance
of the superior possessory right of the owner.

"Notice Of Auction" Mandatory

The Self-Storage Company must comply with
the service (mailing) requirements set forth
in Lien Law §182

[Certified Mail - Return Reciept Requested]
↓

30 Misc. 3d 1212(A) Matter of Lewitin

Lien Law §182 - Self-Storage Facility; Liens

1.

2. Required Disclosures

3. Unlawful Detention of Goods

4. Private Right of Action

5. Violation and Penalties

6. Lien

7. Enforcement of Lien

8. Pricing

9. Special Proceeding

The special proceeding may be brought in any court which would have jurisdiction to render a judgement for a sum equal to the amount of the lien.
If the person shall show that the owner is not entitled to a claim a lien in the goods, ―

Lien Law
§182   [NYCLS]

Tenant's belief that prior course of conduct lulled
him into belief that his property stored in
self-storage facility was not in danger of being
sold was without merit in view of no-waiver clause
in rental agreement.
[ Goldberg v. Manhattan Mini Storage Corp.,
225 A.D.2d 408 (NY AD 1st Dept. 1996) - ]

§182 (5) - Violation and Penalties - Whenever there shall
be a violation of this
section, an application may be made by the attorney general
in the name of the people of the state to a court or justice
having jurisdiction by a special proceeding to issue an injunction,
and upon notice to the defendant of not less than five days,
to enjoin and restrain the continuance of such violations;
and if it shall appear to the satisfaction of the court or the
justice that the defendant has, in fact, violated this section,
an injunction may be issued by such court or justice,
enjoining and restraining any further violation, without
requiring proof that any person has, in fact, been
injured or damaged thereby.

## Self Storage Facilities

Lien Law §182 [NYCLS] provides, inter alia, that any occupant damaged by an unlawful detention of his goods or any other violation of the statute may bring an action for recovery of damages and return of his goods. Certain notice requirements apply.

See generally, Matter of Lewitin v. Manhattan Mini Storage, 30 Misc. 3d 1212(A) (2010)

If a storage facility fails to properly notice the sale of an occupant's property, it can be liable for damages resulting from the sale.

See, e.g., Magomedov v. Self Stor. Mgt., LLC, 221 AD 3d 682 (2d Dept. 2023)

asserted. Commonly asserted claims include: excessive force; failure to protect; deliberate indifference to medical needs; unconstitutional conditions of confinement; denial of due process in a disciplinary or other proceeding; denial of equal protection; retaliation for the exercise of a First Amendment right; and interference with free exercise of religion. Legal argument and case citations are not required. Use additional sheets of paper if necessary.

## FIRST CLAIM

14 Amendmet                    Right to property

## SECOND CLAIM

Deliberate indifference

## THIRD CLAIM

Equll Rights & Right Against Descriminatio

## VI.    RELIEF REQUESTED

State briefly what relief you are seeking in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/3/2025

Plaintiff's signature
(All plaintiffs must sign the complaint)

(revised 10/2/16)

5